## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 6527 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Gary S. Feinerman |
| THOMAS DART, SHERIFF OF COOK COUNTY, | ) | |
| et. al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS
### OF PLAINTIFF'S AMENDED COMPLAINT

NOW COME Defendants, Cook County; Thomas Dart, Sheriff of Cook County; Kim M. Anderson; Stamatia Z. Richardson; and Bharathi R. Marri ("Defendants"), by their attorney, Cook County State's Attorney, KIMBERLY M. FOXX, through her assistant state's attorney, Rachael D. Wilson, and move this Court to Dismiss Plaintiff's First Amended Complaint under Federal Rule Civil Procedure 12. In support of their motion, Defendants, state as follows:

### INTRODUCTION

Plaintiff filed his First Amended Complaint on January 18, 2020, realleging Count II, an Americans with Disabilities Act claim, and Count III, a conditions of confinement claim, both of which the Court dismissed on July 16, 2019. (Dkt. 38 and 45.) Plaintiff's First Amended Complaint names defendants Kim M. Anderson; Stamatia Z. Richardson; and Bharathi R. Marri (collectively "Medical Defendants") for the first time, alleging that Medical Defendants provided Plaintiff inadequate medical care. However, Plaintiff's First Amended Complaint against Defendants fails to state a claim for multiple reasons: (1) Plaintiff realleges claims that were dismissed with prejudice; (2) the statute of limitations bars Plaintiff's claims; and (3) Plaintiff fails

to allege personal involvement of Medical Defendants. Therefore, the Court should dismiss Plaintiff's First Amended Complaint with prejudice.

## PROCEDURAL HISTORY

Plaintiff originally filed this matter on June 5, 2017, containing multiple unrelated claims arising on January 5, 2016. (*Thomas v. Dart, et. al.*, Case No. 17-CV-4233, Dkt. 1.) On June 23, 2017, the Honorable Samuel Der-Yeghiayan dismissed the case for failure to pay the filing fee. (*Id.* at Dkt. 3.) On July 17, 2017, Plaintiff filed a motion to reopen the case and an application to proceed *in forma pauperis*. (*Id.* at Dkt. 4-5.) Plaintiff made no effort to inform defendants to the original complaint of the action. The Honorable Judge Samuel Der-Yeghiayan denied Plaintiff's motion to reopen the case. (*Id.* at Dkt. 7.) Plaintiff then filed a motion to reconsider. (*Id.* at Dkt. 8.) The Honorable Judge Amy J. St. Eve granted the motion to reconsider and accepted the application to proceed *in forma pauperis* on January 22, 2018. (*Id.* at Dkt. 12.) Plaintiff returned executed service on March 13, 2018, and March 14, 2018, for Defendant Dart and Cook County respectively. (*Id.* at Dkt. 19-20.) Defendant Dart and Cook County timely appeared and timely filed their First Motion to Dismiss. (*Id.* at Dkts. 21-25, 31.) On August 22, 2018, the Honorable Judge Virginia M. Kendall dismissed Plaintiff's Complaint stating that the claims could not all be brought in the same complaint as they would be misjoined. (*Id.* at Dkt. 42.)

On September 25, 2018, Plaintiff then separated his lawsuit and filed this action with this Court alleging three counts: Count I inadequate medical care against unknown defendants; Count II Americans with Disabilities Act and Rehabilitation Act claim against Thomas Dart, Sheriff of Cook County; and Count III conditions of confinement claim against Cook County. (Dkt. 10.) After filing a statement on the statute of limitations, the Court allowed Plaintiff to serve his Complaint. (Dkt. 11 and 12.) Cook County Sheriff waived service on February 27, 2019, and

Plaintiff returned service for Cook County on March 11, 2019. (Dkt. 18 and 20.) Cook County and Cook County Sheriff timely filed their motion to dismiss based on Plaintiff's 2017 action. (Dkt. 27.) The Court dismissed Cook County and Cook County Sheriff on July 16, 2019, because Plaintiff was proceeding in a separate case against them for the same allegations. (Dkt. 38.)

On January 18, 2020, Plaintiff filed his First Amended Complaint naming the defendants to Count I, re-alleging numerous facts concerning dismissed counts, and alleging a new claim against the newly named defendants. (Dkt. 45.) In the First Amended Complaint, Plaintiff asserts in Count I that Defendants failed to provide Plaintiff with adequate medical care causing him to undergo post-release procedures. In Count II and III, Plaintiff realleges counts the Court previously dismissed with prejudice. In Count IV, Plaintiff, for the first time, adds a claim of medical malpractice under state law.

<h3 style="text-align:center">STATEMENT OF RELEVANT FACTS</h3>

The following facts are taken from the First Amended Complaint and presumed true solely for the consideration of this Motion to Dismiss. In 2009, Plaintiff was diagnosed with Post-traumatic Stress Disorder ("PTSD") and depression at a Veterans Affairs Medical Center after a fight at a dance club. (Dkt. 45, ¶9.)

On June 20, 2015, Plaintiff was involved in a multi-car accident. (*Id.* at ¶10.) After receiving treatment at a hospital, police took Plaintiff into custody charging him with driving under the influence. (*Id.*) On June 21, 2015, Plaintiff told non-descript Cook County Jail staff that he had a disability and was suffering pain resulting from the car accident. (*Id.* at ¶11.) Despite Plaintiff's complaint, Plaintiff did not receive medication for the pain. (*Id.*) Plaintiff was assigned to a cell, and he began experiencing chest pain, body aches, light-headedness, dizziness, fever, and chills. (*Id.*) Despite asking for medical treatment, Plaintiff did not receive any. (*Id.*) In July 2015,

3

Plaintiff was released from custody, and Plaintiff went to the hospital for his symptoms where he was diagnosed with pneumonia after his release. (*Id.* at ¶12.)

On September 1, 2015, Plaintiff was indicted and taken back into custody at the Cook County Jail. (*Id.* at ¶13.) On October 3, 2015, Plaintiff as taken to the hospital for an arm injury. (*Id.* at ¶14.) While at the hospital, Plaintiff suffered an allergic reaction to the hospital's food. (*Id.*) Plaintiff returned to the Cook County Jail with swollen arms and aching hips resulting from the allergic reaction. (*Id.*)

On October 14, 2015, Plaintiff was allegedly threatened by another inmate which caused him an increase in anxiety. (*Id.* at ¶16.) On January 5, 2016, Plaintiff was in a fight with another inmate and suffered an injury to his lip and shoulder. (*Id.* at ¶15.) As a result of the fight, Plaintiff required five stitches in his lip, but his shoulder was not treated. (*Id.*)

After the fight, Plaintiff was placed in segregation for two weeks. (*Id.* at ¶17.) Plaintiff was then moved into a maximum security dorm with no running water. (*Id.*) While in the dorm, Plaintiff was unable to keep his stitches clean resulting in an infection. (*Id.*) Plaintiff's stitches were removed, but the removal left his lip with a lump. (*Id.*)

Plaintiff pled guilty to the charges against him in April of 2016. (*Id.*) Since Plaintiff's release, Plaintiff has undergone a surgery to correct his lip and shoulder. (*Id.* at ¶18.) Plaintiff alleges that, as a result of Defendants' actions, Plaintiff's ADA and Eighth Amendment rights were violated. (*Id.* at ¶19.)

## STANDARD OF REVIEW

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." When considering a motion to dismiss, the Court must assume as true all well-pled allegations in the complaint and construe all reasonable

inferences in favor of the plaintiff. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990). "[T]he liberal notice pleading allowed by the federal rules requires the complaint to include the operative facts upon which a plaintiff bases his claim." *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 198 (7th Cir. 1985) (citations omitted). While a complaint attacked by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need detailed factual allegations, Plaintiff has an obligation to provide grounds for his alleged entitlement to relief with more than labels, conclusions, or a formulaic recitation of the elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Courts are not bound to accept as true a legal conclusion posing as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

ARGUMENT

### 1. The Court should dismiss Plaintiff's claims against Cook County and Dart because they are duplicative of a prior lawsuit.

As Defendants stated in their First Motion to Dismiss filed in April of 2019, fully briefed in July of 2019, and granted on July 17, 2019, Plaintiff's claims against Cook County and Dart should be dismissed with prejudice because they are duplicative of a previous, and ongoing, lawsuit filed by Plaintiff. (*Thomas v. Cook County Sheriff Thomas Dart, et. al.,* 17-CV-4233, Dkts. 1 and 110.) "As a general rule, a federal suit may be dismissed 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court'." *Carey v. Wrenn*, No. 06-cv-479-PB, 2007 U.S. Dist. LEXIS 47701, at *9 (D.N.H. May 15, 2007); (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983). District courts have discretion to determine if a case is duplicative, "but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." *Id.* (citing *Serlin*, 3 F.3d at 223).

In his First Amended Complaint, Plaintiff has again included Count II and Count III from Plaintiff's original complaint. (Dkt. 45.) As stated in Defendants' First Motion to Dismiss, such inclusion would constitute Plaintiff's second bite of the apple when his original lawsuit did not offer him the results he wanted. Plaintiff's First Amended Complaint is the exact same complaint as his original complaint which was nearly the *exact* same complaint as 17 C 4233. (Dkts. 1 and 45, and 17 C 4233, Dkts. 1 and 56.) The Court dismissed Counts II and III against Cook County and Dart with prejudice because Plaintiff cannot file a second lawsuit against the same parties for the same claims. (Dkt. 38.) Therefore, because Plaintiff has again included Defendants Cook County and Dart for the same allegations, the Court must dismiss Counts II and III for the same reasons as the Court dismissed them on July 15, 2019, with prejudice.

**2. The Court should dismiss Plaintiff's First Amended Complaint because Plaintiff failed to name and file within the statute of limitations.**

### a. Plaintiff's Section 1983 claims against Medical Defendants are untimely.

Section 1983 does not contain an express statute of limitations. *See* 42 U.S.C. §1983. Without the express statute of limitations, a federal court must use the statute of limitations for personal injury claims in the state in which the court sits. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). The Seventh Circuit has held that "the correct statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS §5/13-202." *Id. See Gekas v. Vasiliadas*, 814 F.3d 890, 894 (7th Cir. 2016). The statute of limitations begins to run "when the plaintiff has a complete and present cause of action." *Walden v. City of Chicago*, 755 F. Supp. 2d 942, 954 (N.D. Ill. 2010). Generally, statute of limitations issues are not resolved on a Rule 12(b)(6) motion unless the complaint establishes the statute of limitations defense on its face. *Bonnstetter v. City of Chicago*, 811 F.3d 969, 974 (7th Cir. 2016).

According to Plaintiff's First Amended Complaint, Plaintiff's claims regarding his medical treatment at the Cook County Jail arose, at the latest, on January 5, 2016, when he was hurt in a fight and did not receive treatment for his shoulder. (*See* Dkt. 45, ¶17.) Plaintiff filed this lawsuit against Defendant Dart, Cook County and Unknown medical defendants on October 29, 2018, two and a half years after his medical claims arose. (Dkt. 10.) Plaintiff did not amend his complaint naming Medical Defendants until January 2020, four years after his claim arose. (Dkt. 45.) Plaintiff's claims are governed by a two-year statute of limitations. According to the Statute of Limitations, Plaintiff was required to file his claims against Medical Defendants with the Court on or before January 5, 2018. As such, Plaintiff's Section 1983 claims must be dismissed with prejudice for untimeliness.

Should the Court find that Plaintiff's claims arose when Plaintiff's stitches were removed, sometime around the end of January 2016, Plaintiff was to have filed his lawsuit prior to the end of January 2018. Plaintiff did not file his lawsuit against Cook County, Sheriff Dart, and the unknown medical defendants until October 2018. Furthermore, Plaintiff did not name Medical Defendants until January 2020, nearly four years after Plaintiff's claims arose. As such, Plaintiff's claims must be dismissed with prejudice because they are untimely.

Furthermore, Plaintiff is responsible for naming defendants before the statute of limitations expires. *White v. City of Chicago*, 2016 U.S. Dist. LEXIS 107438, at *49 (N.D. Ill. 2016). Using a placeholder to initiate the lawsuit does not toll the statute of limitations. *Id.* at *48. Plaintiff named Medical Defendant two years after the statute expired, despite his responsibility. Therefore, the statute of limitations bars Plaintiff's allegations against Medical Defendants.

Moreover, Plaintiff's inadequate medical care claim fails to relate back to the June 2017 complaint in his former case because Plaintiff failed to give Medical Defendants any notice that

Medical Defendants could be sued as required under Federal Rule of Civil Procedure 15. Under Rule 15, a plaintiff may amend his complaint to add or change a defendant. Fed. R. Civ. P. 15(c). When amending the complaint to add or change the defendants, the party brought in by the amended pleading must have known "or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The question is "whether there is any basis in the record for saying that [the newly named defendant] could have legitimately believed that the limitations period had passed without any attempt by [the plaintiff] to sue [said defendant]." *Haroon v. Talbott*, 2017 U.S. Dist. LEXIS 158522, at *22 (N.D. Ill. 2017) (*citing Krupski v. Costa Cociere S. p. A.*, 560 U.S. 538 (2010)).

Plaintiff failed to give any identification or notice to Medical Defendants prior to the expiration of the statute of limitations. In Plaintiff's June 2017 Complaint, Plaintiff never states or describes any medical staff members or personnel who provided him treatment while at the Cook County Jail. (*See* 17 C 4233, Dkt. 1.) Plaintiff asserted no conduct and included no identifiers in order for Medical Defendants to receive notice that they may eventually be sued. Without more, Plaintiff failed to give Medical Defendants any notice that they could eventually be named in an unconstitutional medical care claim and, so, cannot relate back to the June 2017 Complaint under Rule 15. Therefore, the Court should dismiss Medical Defendants from Plaintiff's lawsuit with prejudice because the statute of limitations expired well before Plaintiff named Medical Defendants, and the claim against Medical Defendants does not relate back to the June 2017 complaint.

Accordingly, the Court should dismiss Plaintiff's First Amended Complaint with prejudice because the statute of limitations governing Plaintiff's claims expired in 2018, two years prior to Plaintiff naming Medical Defendants.

**b. Plaintiff's state law claims are untimely.**

According to the Illinois Local Government and Government Employee Tort Immunity Act ("Tort Immunity Act"), Plaintiff was required to bring his medical malpractice claim within two years "after the date on which the claimant knew, or through reasonable diligence should have known," of his injury. 745 ILCS 10/8-101. Plaintiff claims damages based on his alleged deformity caused by mistreatment of stitches and shoulder injury after the January 5 fight. (Dkt. 45 at ¶28.) According to Plaintiff's First Amended Complaint, he knew of his alleged injury when his stitches were removed around or before the end of January 2016. Thus, according to the Tort Immunity Act, Plaintiff was required to bring his state law action for damages prior to the end of January 2018. However, Plaintiff did not raise his state law claims until January 2020. Therefore, Plaintiff failed to raise his state law claims timely. As such, Plaintiff's state law claims must be dismissed with prejudice.

**3. The Court should dismiss Count I of Plaintiff's First Amended Complaint because Plaintiff failed to plead that Medical Defendants were personally involved in the alleged constitutional violation.**

Alternatively, should the Court allow Plaintiff's case to move forward despite the statute of limitations issues, Plaintiff failed to state a claim against Medical Defendants under Section 1983. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under §1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). As such, a defendant is not liable unless he or she "actually caused or

participated in a constitutional deprivation." *Taylor v. Cook County*, 2013 U.S. Dist. LEXIS 72890, *16 (N.D. Ill. 2013) (internal quotations omitted).

Plaintiff has alleged only that he did not receive treatment exactly how he wanted it while housed at the Cook County Jail. Plaintiff does not mention who treated Plaintiff or when medical personnel treated Plaintiff. Plaintiff makes no allegation of conduct or actions taken by Medical Defendants during his time at the Cook County Jail. Plaintiff attempts to conclude that Medical Defendants failed to treat him, but Plaintiff asserts no actions in which Medical Defendants actually, themselves, failed to treat Plaintiff. Although the Court takes Plaintiffs well-pled facts as true and draws all inferences in Plaintiff's favor on a motion to dismiss, not once does Plaintiff mention Medical Defendants by name or description in his factual allegations. Therefore, Plaintiff has failed to assert any facts against Medical Defendants alleging that Medical Defendants were personal involved in his alleged constitutional deprivation. The Court is not required to make the assumption for Plaintiff that, simply by including Medical Defendants' names in his case caption, party paragraphs, and count recitation, Medical Defendants were involved in Plaintiff's alleged constitutional violation. Section 1983 liability requires more than simply being employed by Cook County and working at the Cook County Jail. *See, Taylor*, 2013 U.S. Dist. LEXIS 72890 at *16; *Pepper*, 430 F.3d at 810.

Because Plaintiff failed to put forth any facts of personal involvement to suggest that Medical Defendants were involved in any alleged constitutional deprivation, Plaintiff failed to state a claim against Medical Defendants. Therefore, the Court should dismiss Medical Defendants from Plaintiff's suit with prejudice because Plaintiff fails to allege Medical Defendants caused him any harm. Furthermore, because Plaintiff failed to allege a constitutional violation, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

CONCLUSION

WHEREFORE Defendants respectfully request that the Court dismiss Plaintiff's First Amended Complaint with prejudice for failure to state a claim upon which relief may be granted because: (1) Plaintiff realleges claims that were dismissed with prejudice; (2) the statute of limitations bars Plaintiff's claims; and (3) Plaintiff has failed to allege personal involvement of Medical Defendants. Furthermore, because Plaintiff failed to allege a constitutional violation, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Moreover, Defendants request that the Court stay any responsive pleadings and any discovery in this matter until the Court rules on this motion.

Respectfully submitted,

KIMBERLY FOXX
State's Attorney of Cook County

By:    */s/ Rachael D. Wilson*
       Rachael Wilson
       Assistant State's Attorney

Rachael D. Wilson
Assistant State's Attorney
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, Illinois 60601
Rachael.wilson@cookcountyil.gov
(312) 603-2721

CERTIFICATE OF SERVICE

I, Rachael D. Wilson, hereby certify that, in accordance with Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), **Defendants' Motion to Dismiss Plaintiff's First Amended Complaint** was served pursuant to the District Court's ECF system on August 28, 2020.

*/s/ Rachael D. Wilson*
   Rachael D. Wilson